UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                             )<br>)<br>DEREK CAPOZZI,                        )<br>           Defendant.              ) | Crim. No. 98-cr-10087-PBS |

### GOVERNMENT'S MEMORANDUM REGARDING THE NATURE OF RELIEF TO BE AFFORDED PURSUANT TO 28 U.S.C. §2255(b)

On April 6, 2000, this Court sentenced Derek Capozzi ("Capozzi") to a 30-year (360 month) term of incarceration. On March 31, 2021, some 21 years later, the Court has concluded that one of the three Counts of conviction, charging possession of a firearm in furtherance of a violent felony, in violation of 18 U.S.C. § 924(c), must be vacated. [D. 428], p. 17. In short, because the offense of attempted extortion, 18 U.S.C. § 1951, which served as the predicate for the 924(c) Count – carrying a firearm in furtherance of a violent felony – could possibly be committed by non-violent means, it was not an appropriate predicate. This finding was required notwithstanding the fact that Capozzi had committed the attempted extortion in this case by *pointing a firearm at the victim's head and threatening to kill him*.[1]

At this stage, the Court must decide what relief should be afforded Capozzi pursuant to Section 2255(b) in light of the error that the Court has identified. As detailed below, the Court should fashion a remedy commensurate with not only the claim that it has allowed, but also commensurate with the claims it has denied. This can be best accomplished by "correcting" the sentence, *i.e.*, vacating the 60-month consecutive sentence imposed for the Section 924(c)

---

[1] As this Court noted in performing its analysis, for purposes of deciding whether a crime is a "violent felony" under current law, "[t]he actual facts supporting the conviction do not matter…." [D. 428], p. 9.

offense (Count IV), and leaving in place the sentences on Counts I (300 months) and III (240 months concurrent)– which the Court has either expressly upheld or over which the Court lacks jurisdiction pursuant to the gatekeeping provisions of Section 2255. [D. 428], p. 12-17. Such a remedy represents a wholly appropriate exercise of the Court's equitable discretion in light of the circumstances of this case.

Though the government believes such is not appropriate here, should the Court choose to resentence the defendant, a Sentencing Memorandum in support of the government's sentencing request will be separately filed.

## FACTS

### A. The Original Sentencing

The Probation Office determined that Capozzi was an armed career criminal ("ACC") based on at least seven ACC "violent felony" predicates. [PSR ¶¶ 32, 63]. Five of the convictions were for breaking and entering in the daytime (M.G.L. c. 266, § 18), one for entering without breaking (M.G.L. c. 266, § 17), and convictions for assault and battery with a dangerous weapon (M.G.L. c. 265, § 15), and assault and battery on a police officer (M.G.L. c. 265, § 13D). [PSR ¶¶ 32, 48-50. 53-54, 63]. Capozzi did not object to the ACC determination. His ACC total offense level of 33 and his ACC Criminal History Category ("CHC") of VI yielded a guidelines sentencing range ("GSR") of 235-293 months. [PSR ¶ 109].

On April 6, 2000, this Court sentenced Capozzi to 360 months in prison, consisting of 300 months on Count One and 240 months on Count Two, to be served concurrently with one another, and 60 months on Count Four, to be served consecutively to the sentences on Counts One and Three. [D.229].

B. **Capozzi's Direct Appeal**

The defendant challenged his convictions on direct appeal on several grounds but did not challenge his sentence. On October 6, 2003, the First Circuit Court of Appeals affirmed Capozzi's convictions. *See United States v. Capozzi,* 347 F.3d 327, 328-37 (1st Cir. 2003). On January 26, 2004, the Supreme Court denied Capozzi's petition for a writ of certiorari. *See Capozzi v. United States,* 540 U.S. 1168 (2004).

C. **Capozzi's First § 2255 Motion**

On January 25, 2005, Capozzi filed his first motion under 28 U.S.C. § 2255, claiming ineffective assistance of counsel. [2255.D.1]. On March 18, 2005, Cappozzi filed an amended § 2255 motion, claiming (1) that some of his prior convictions should not have been counted as "violent felonies" for ACCA purposes because they were for non-generic burglaries; (2) that this Court's determination that his prior convictions qualified him for ACCA treatment violated his Sixth Amendment right to a jury trial because it was determined by the Court using a preponderance-of-the-evidence standard; and (3) that he was denied effective assistance of counsel because his attorneys did not raise either of those issues. [2255.D.6, at 2-14, 9-10]. With respect to the first of these claims in the amended petition, Capozzi argued that because Massachusetts burglary and breaking and entering statutes define burglary to include not only breaking and entering a building to commit a felony, which would qualify as an ACCA predicate, but also breaking and entering a "ship, vessel, or vehicle" under M.G.L. c. 266, §§ 16 and 18, his breaking and entering convictions did not constitute generic burglaries and should not have been counted as ACCA predicates. [2255.D.6, at 4]. In addition, he argued that the government had failed to show that he actually pled guilty to breaking and entering a building as opposed to a ship, vessel, or vehicle. *Id.*

On January 12, 2007, this Court denied Capozzi's § 2255 motion and amended § 2255 motion in a written Memorandum and Order (the "Order"). [D.357]. As relevant here, the Court determined that Capozzi had failed to demonstrate prejudice from having not challenged his sentence on direct appeal, noting that the PSR had "explicitly indicated that at least four of [Capozzi's] prior convictions involved buildings rather than ships, vessels, or vehicles: (1) the Peabody Glen Nursing Home (PSR ¶ 50); (2) an apartment located at 129 Lowell Street, Peabody (PSR ¶ 53); (3) the Floor Studio property in Salem (PSR ¶ 54); and (4) a "residence" in Marblehead (PSR ¶ 56). Order at 14. This Court found that these convictions, together with two others that Capozzi stated he was not contesting – a Florida breaking and entering conviction of the Limited Store (PSR ¶ 51a) and the Massachusetts conviction for assault and battery on a police officer (PSR ¶ 57) – were "more than sufficient to qualify him as [an ACC] under 18 U.S.C. § 924(e), which requires only three prior violent felony convictions." [*Id.*]. The Court thus concluded that, regardless of whether Capozzi had cause for not raising this claim on direct review, he could not show he was prejudiced by the failure and the claim was barred. [*Id.*].

The Court next rejected Capozzi's claim that this Court's determination that his prior convictions qualified him for ACC treatment violated the Sixth Amendment right to a jury trial because it was foreclosed by *Almendarez-Torres v. United States,* 523 U.S. 224 (1998), and further concluded that, because these two claims lacked merit, Capozzi's argument that counsel were ineffective for not raising them failed under the prejudice prong of *Strickland v. Washington,* 466 U.S. 668 (1984). Order at 15-16.

Finally, the Court held that Capozzi's claim that his prior convictions for allegedly non-generic burglary were impermissible ACCA predicates, as well as his claim that his counsel provided ineffective assistance for failing to brief that issue, were time-barred because they implicated a set of facts – the details of his prior record – that was not raised in his initial § 2255

motion. Order at 16-17. The Court explained that the amended motion was not filed until March 18, 2005, more than a year after the Supreme Court denied Capozzi's petition for certiorari. Order at 17.

### D. Motion for Authorization to File Second/Successive § 2255 Motion

On November 27, 2015, Capozzi filed in the First Circuit under Appeal No. 15-2448 (the "*Johnson* Appeal" or "*Johnson* App.") a "motion for authorization" to file a second or successive § 2255 motion based on *Johnson v. United States,* 135 S. Ct. 2551 (2015) ("*Johnson II*").[2] In the motion, Capozzi argued that four of his Massachusetts breaking and entering convictions (PSR ¶¶ 48, 49, 53, and 54) should not have been counted as ACCA predicates for the following reason:

> [T]he B&E predicate acts listed in footnotes/paragraphs (49-50) & (53-54) fall under Mass Gen. Laws Ann. Ch. 266 § 16 & 18, which prohibit not only breaking and entering a "building" crime (and an ACCA predicate act), but also prohibit breaking and entering a "ship, vessel, or vehicle," *id.* and the PSR (nor any other record) had provided **no** distinguishable evidence defendant['s] "plea" for each of these four (4) breaking and entering offenses rested upon factual bases other than burglarizing a "ship, vessel, or vehicle"-type of "property."
>
> . . .
>
> Defendant does not admit that the Breaking and Entering convictions in footnote/paragraphs (49)-(50) & (53)-(54) of the PSR were for that of a building or dwelling, but in fact, contends that they were based upon pleas of "admission of sufficient facts" for burglarizing "vessels" or "vehicles" that were the "property" of said victims.

[*Johnson* App. 11/27/2015, at 11, 13, ¶¶ 13, 17].

The government opposed the motion for authorization to file a second or subsequent § 2255 motion on March 14, 2016. [*Johnson* App. 03/14/2016].

---

[2] The motion as it appears on the docket actually comprises three documents: a cover letter, a "Motion for Authorization," and a "Second or Successive Motion Under 28 U.S.C. § 2255." [*Johnson* App. D.11/27/2015].

On May 23, 2016, Capozzi filed an amended application in which he added the claim that *Johnson II* also served to invalidate his conviction under 18 U.S.C. § 924(c). [*Johnson* App. 05/23/2016]. On September 6, 2017, Capozzi filed a motion to stay the proceedings in the First Circuit, a motion that the First Circuit allowed on October 11, 2017, pending the decision of the Supreme Court in *Sessions v. Dimaya,* S. Ct. No. 15-1498. [*Johnson* App. 09/26/2017, 10/11/2017].

On August 24, 2018, Capozzi filed a counseled memorandum in support of his motion. [*Johnson* App. 08/24/2018]. On December 11, 2019, the First Circuit entered judgment authorizing Capozzi to file a second or subsequent § 2255 petition. [*Johnson* App. 12/11/2019]. In so doing, the First Circuit stated:

> [Capozzi] seeks leave to file a second or successive 28 U.S.C. § 2255 motion to challenge his conviction under 18 U.S.C. § 924(c). In view of *United States v. Davis,* 139 S. Ct. 2319 (2019), and *Johnson v. United States,* 135 S. Ct. 2551 (2015) (*Johnson II*), we conclude that Capozzi has made a prima facie showing that his challenge to his conviction under 18 U.S.C. § 924(c) legitimately relies on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. [Citations omitted]. Accordingly, Capozzi's application is **GRANTED**. The court expresses no opinion as to the ultimate merits of Capozzi's claim or as to any other relevant legal issue. To the extent his application includes additional claims, the court expresses no opinion whatsoever as to whether those claims satisfy either of the gatekeeping provisions set out at 28 U.S.C. § 2255(h), a finding that must be made by the district court in the first instance.

[*Id.*].

### E. The Court's Ruling on The Most Recent 2255

Upon remand, this Court has concluded that one of the three Counts of conviction, charging possession of a firearm in furtherance of a violent felony, in violation of 18 U.S.C. § 924(c), must be vacated. [D. 428], p. 17. In short, because the offense of attempted extortion,

18 U.S.C. § 1951, which served as the predicate for the 924(c) Count, could possibly be committed by non-violent means, it was not an appropriate predicate.

But in so doing, the Court also upheld its finding that Capozzi qualified as an ACC on Count I. [D. 428], p. 15-16. This finding was intertwined with the Court's conclusion that the claim was untimely and that Capozzi could not meet the gatekeeping requirements of Section 2255(f). The Court concluded that Capozzi had failed to meet his burden of proving that this Court had not lawfully sentenced him as an ACC under the enumerated clause. [D. 428], p. 16-17 ("there is no basis in the record for concluding that the Court sentenced petitioner solely under the residual clause… the Court likely sentenced under both clauses").[3]

## ARGUMENT

### A. This Court Has Discretion to Fashion an Appropriate Remedy

Upon granting a motion under Section 2255, the Court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." "[I]n cases where the sentence (but not the conviction) is infirm, only the 'resentenc[ing]' or 'correct[ing] the sentence' options are open to the district court, since a prisoner should never be 'discharge[d]' or 'grant[ed] a new trial' based solely on a defective sentence." *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000).[4] Whether to "correct"

---

[3] The Court also rejected a claim that Count I was invalid based upon the decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019). That claim was denied and does not appear to be further pressed in connection with these proceedings.

[4]  A district court "corrects" a defendant's sentence when its action is arithmetical, technical, or mechanical. ... For example, the court corrects a sentence when—at a circuit court's direction on remand—the court merely cuts back to the statutory maximum a sentence that had exceeded it, …; or when the court does no more than mechanically vacate ... unlawful convictions (and accompanying sentences),…. Correction of a sentence therefore does not involve a reevaluation of the appropriateness of the defendant's original sentence. …. In contrast, a district court resentences the defendant, for purposes of § 2255, when it revisits the § 3553(a)

a sentence or to conduct a full re-sentencing is committed to this Court's discretion. *Torres-Otero*, 232 F.3d at 29–30 ("We review the district court's determination of the appropriate remedy for a § 2255 violation for abuse of discretion.").

**B. The Court Should "Correct" Capozzi's Sentence, Rather Than Resentence**

In the view of the government, informed by this Court's ruling upholding the sentence imposed on Count I, [D 428], p. 16-17, the defendant should not be "resentenced." Instead, the Court should "correct" the sentence by simply vacating the 60-month consecutive sentence imposed on Count IV, leaving in place the sentences imposed on Counts I and III.

This "correction" of the sentence more appropriately effectuates the ruling of the Court. It addresses the error identified by the Court, eliminating the 60 months imposed consecutively on Count IV, and leaves in place the sentences that the Court has upheld (or which it concluded were untimely). Nothing more is required. *See United States v. Augustin,* 16 F.4th 227, 233 (6th Cir. 2021) (in a case involving a Section 924(c) conviction that was vacated under Section 2255, the Sixth Circuit upheld a decision to correct, rather than resentence that defendant, noting "the district court did not abuse its discretion by correcting Augustin's sentence rather than resentencing him. Even if the district court could have held a resentencing hearing, Augustin was not entitled to one."); *United States v. Hadden*, 475 F.3d 652, 668–69 (4th Cir. 2007) (upholding district court's decision, after vacating a Section 924(c) conviction pursuant to Section 2255, to "correct" the sentence by simply reducing it by 60 months, rather than conducting a resentencing); *United States v. Williams*, 740 F. App'x 794, 795 (4th Cir. 2018) ("The district court is *authorized* to conduct a

---

> factors and determines anew what the sentence should be. ... A resentencing could thus result in the same sentence as the one the district court imposed initially.

*United States v. Flack*, 941 F.3d 238, 241 (6th Cir. 2019) (citations and quotations omitted).

resentencing in awarding relief under § 2255; however, a resentencing hearing is not *required* in resolving every § 2255 motion.) (emphasis in original); and *Calderon v. United States*, 2022 WL 673706, at *3 (E.D.N.C. Mar. 7, 2022) ("while the court is authorized to conduct a resentencing, it is not required to do so, even when requested by one party or the other. Nor does the 'sentence-package theory' make resentencing mandatory.").

Here, the Court specifically upheld its finding that Capozzi qualified as an ACC on Count I, [D. 428], p. 15-16, concluding that Capozzi had failed to meet his burden of proving that this Court had not lawfully sentenced him as an ACC under the enumerated clause. [D. 428], p. 16-17 ("there is no basis in the record for concluding that the Court sentenced petitioner solely under the residual clause… the Court likely sentenced under both clauses…. Petitioner's motion… is… DENIED… *as to his §922(g) conviction* **and his sentence enhancement pursuant to §924(e)(1).**") (emphasis added).  Probation has appropriately declined to revisit that issue in light of the Court's holding.

By seeking resentencing, Capozzi seeks to achieve through the "back door" what he cannot lawfully accomplish through the front (*i.e.*, his 2255 Motion).  Capozzzi seeks the opportunity to re-litigate (yet again) his status as an ACC.  That issue has been decided against him, at least twice, by this very Court.  He has no right to demand another bite at that apple.  Resentencing, even where a count of conviction has been vacated, is not mandatory. *See Augustin, Hadden, Williams,* and *Calderon, supra*.  *See also, e.g., United States v. Pena*, 2020 WL 7398744, at *2 (S.D.N.Y. Dec. 17, 2020) ("the Court is authorized to hold a full resentencing when a conviction is vacated … it is not categorically required to do so) (citations omitted).

First Circuit law is in accord.  In *United States v. Rodriguez*, 112 F.3d 26, 30–31 (1st Cir. 1997), the First Circuit addressed a similar situation involving the impact upon a sentence where

a Section 924(c) offense had been vacated. Unlike this case, that defendant wished to *foreclose* resentencing, thereby precluding the district court from adjusting the remaining counts upward. *Id*. at 28. Thus, the First Circuit's holding in that case focused upon the district court authority to conduct resentencing in these circumstances, an authority which it endorsed. *Id*. at 30-31. Nonetheless, seeking to rely upon that opinion as establishing a rule that resentencing is mandatory, Capozzi misconstrues that holding. The First Circuit found that the defendant *could be* resentenced, it did not state they *must be*. The language of the opinion is clear on this point, "a district court **may**, on a petition under 28 U.S.C. § 2255, resentence on the remaining convictions." *Id*. at 30–31 (emphasis added). Had the First Circuit intended to create a mandatory rule, it would not have used the term "may." "The word 'may' customarily connotes discretion." *Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 346 (2005).[5]

To the extent that Capozzi urges this Court to allow an untimely challenge to his ACC status to proceed, simply because he pairs it with a timely claim challenging the Section 924(c) sentence, that argument is a non-starter. With respect to an identical claim made during the course of the first 2255 Motion, the First Circuit held:

> Capozzi argues, … that his Sixth Amendment claim was timely because it was part of a section 2255 motion that included at least one claim that was timely (that is, the *Brady* claim). In other words, Capozzi takes the position that, so long as one claim in a section 2255 motion is timely, all claims included in the motion are timely….*We now join all of the other circuits that have decided the question, and we hold that the period of limitation in 28 U.S.C. § 2255(f) should be applied on a claim-by-claim basis*.

*Capozzi v. United States*, 768 F.3d 32, 33 (1st Cir. 2014) (emphasis added). This holding has particular importance here, and, this court should not reach different result than that reached by

---

[5] Indeed, in recognizing that districts courts may "resentence" in some circumstances, the First Circuit reserved decision on whether it would be permissible in all cases. *Id*. There would be neither need, nor justification for, reserving such judgment if resentencing had been determined to be a mandatory requirement in all cases.

the First Circuit.  Where, as here, Capozzi attempts to pair an untimely sentencing challenge with a timely one, the Court should exercise its discretion to fashion a remedy that affords relief on the timely claim, but denies it as to the untimely one.  Allowing a full resentencing would "create an end run around AEDPA's statute of limitations… [i]t would allow [Capozzi] to clear the timeliness bar by bootstrapping …. This cannot be right." *Dimott v. United States*, 881 F.3d 232, 237–38 (1st Cir. 2018).

## CONCLUSION

For these reasons, on March 24, 2022, the Court should "correct" the defendant's sentence, by vacating the 60-month consecutive sentence imposed for Count IV while leaving the sentences imposed on the remaining Counts intact.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By:   */s/ Mark Grady*
MARK GRADY
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Mark Grady*
MARK GRADY
Assistant U.S. Attorney

Date:   March 21, 2022